**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GEORGE RESSLER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. _____** |
| | § | |
| **ABC Imaging of Washington, Inc.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, George Ressler ("Plaintiff") files this Original Complaint against Defendant ABC Imaging of Washington, Inc. ("ABC" or "Defendant") and would respectfully show as follows:

### A.    PARTIES

1.    The Plaintiff is George Ressler. He is a resident of Houston, Texas. Plaintiff is employed by Defendant within the meaning of the FLSA.

2.    Defendant ABC Imaging of Washington, Inc. is a foreign for-profit corporation with its principal place of business in the state of Virginia, engaged in commerce and subject to the FLSA. This Defendant is Plaintiff's employer. Defendant may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## B. JURISDICTION

3.     This court has subject matter jurisdiction of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA"). This case presents a federal question.

## C. VENUE

4.     Pursuant to 28 U.S.C. §1391(b)(1) & (2), venue for this suit is proper in this district and division because it is the district and division in which the Defendant resides, and in which a substantial part of the events or omissions giving rise to the claim occurred.

## D. FACTS

5.     Plaintiff George Ressler was employed by the Defendant beginning in 2007 in the position of finisher. A finisher is an employee who is responsible for such tasks as laminating and bookbinding. As a finisher, Plaintiff was classified as an hourly employee and paid overtime.

6.     Sometime in 2014 or 2015 Plaintiff's classification was changed to exempt even though he was still performing finishing duties with the added tasks of moving and installing equipment, and occasionally making deliveries to Louisiana. As a salaried employee he was improperly classified and was not paid overtime at one and one-half times his regular rate of pay when he worked over 40 hours in a week. During Plaintiff's employment by Defendant, he was engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce, or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2

7.      Defendant, ABC Imaging of Washington, Inc., is in the business of printing, document management and signage in Houston, Texas. At all relevant times, ABC has been and continues to be engaged in interstate commerce, engaged in the production of goods for commerce, and/or is an enterprise engaged in the production of goods for commerce or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. ABC employs individuals, like Plaintiff, who have been and/or continue to be engaged in interstate commerce and/or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or engaged in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, the enterprise has a total annual gross volume of business exceeding $500,000.

8.      ABC is part of a group of related activities performed through a unified operation or other common control for a common business purpose. ABC operates a group of document management entities in the United States. The violations of the FLSA alleged in this Complaint were proximately caused by the unlawful policies, customs, practices and/or procedures promulgated by this Defendant.

9.      Plaintiff was misclassified as an exempt employee. Beginning three years prior to the filing of this Complaint and continuing until approximately March, 2020, Plaintiff was paid a salary but no overtime when he worked more than 40 hours in a work week. In April 2020, ABC improperly began paying him half his salary and continued this practice until November 2020 when it changed his classification to hourly. Consequently, the "fluctuating workweek method" of calculating the amount of overtime owed to the Plaintiff cannot be used in this case because ABC decided not to pay Plaintiff's salary during the weeks when Plaintiff did not work a full schedule of hours.

3

10.     Upon information and belief, ABC received a PPP loan in 2020 which qualified for forgiveness provided the company maintained employee compensation levels. By cutting Plaintiff's salary in half, ABC violated the terms of the PPP loan.

11.     Throughout Plaintiff's work for ABC he was never responsible for managing the enterprise or a customarily recognized department or subdivision of the enterprise. He did not customarily and regularly direct the work of at least two or more full-time employees or their equivalent, nor did he have the authority to hire or fire other employees. He had no input into the hiring, firing, advancement or promotion or any other change of status of other employees. His primary duty was the performance of manual labor which required him to lift heavy boxes and equipment on a frequent basis. Plaintiff had no discretion or independent judgment with respect to matters of significance.

12.     As a result of Defendant's misclassification of Plaintiff and its failure to pay him overtime for hours worked over forty in a workweek, Plaintiff sustained damages. Plaintiff sustained additional damage when his salary was cut in half. The exact amount of Plaintiff's damages is unknown at this time and will be calculated when Defendant discloses Plaintiff's payroll records.

13.     The violations of the FLSA outlined above were committed in bad faith. It was unreasonable for ABC to classify Plaintiff as an exempt employee, to deny him overtime pay, and then to fail to pay his back overtime when it realized that he should properly be classified as an hourly employee. ABC also engaged in bad faith when it took a PPP loan and then cut the Plaintiff's salary in half.

4

14.     Plaintiff seeks his overtime pay beginning three years before the filing of this suit because the FLSA violations committed by ABC were willful. ABC knew or showed reckless disregard for whether its conduct was prohibited by statute.

## E. CAUSES OF ACTION

## COUNT 1—VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

15.     The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-14, *supra*.

16.     At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has employed and/or continues to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has had annual gross volume of business in excess of $500,000.

17.     The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees at a rate of not less than one and one half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a)(1).

18.     Plaintiff is entitled to compensation for all overtime hours worked. In addition, Plaintiff is entitled to all amounts Defendant should have paid in Social Security and Medicare taxes.

19.     The Defendant violated §207 of the FLSA by employing the Plaintiff in any workweek, where he was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce or engaged in handling, selling, or otherwise working on

5

goods or materials that have been moved in or produced for commerce by any person for a workweek in excess of 40 hours, and by not compensating him for work hours in excess of 40 hours at a rate of not less than one and one-half times the regular rate at which he was employed. *See* 29 U.S.C. §207(a)(1). The Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay the Plaintiff all of his wages and overtime compensation for hours worked per week in excess of 40. The decision made by the Defendant to withhold overtime pay to the Plaintiff was neither reasonable nor in good faith. Accordingly, the Plaintiff is entitled to his unpaid overtime compensation for the three-year period preceding the filing of this suit to the present, plus liquidated damages in an amount equal to his unpaid overtime compensation, as provided by law and which he seeks from the Defendant by this suit.

20. Pursuant to the FLSA, the Plaintiff also seeks recovery of his reasonable and necessary costs, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which he is justly entitled.

21. The work performed by Plaintiff was required by Defendant for the benefit of Defendant, was directly related to Plaintiff's principal activities of employment with Defendant, and was an integral and indispensable part of his employment with Defendant, such that such activities constitute compensable work under the FLSA.

22. The FLSA requires employers like Defendant to maintain accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records in violation of 29 U.S.C. §201 et seq., including 29 U.S.C. §§211(c) and 215(a). These violations were knowing and willful within the meaning of 29 U.S.C. §201 et seq.

23.     Defendant must reimburse Plaintiff for all deductions taken from his compensation during the period beginning when his pay was cut in half and continuing until he was classified as an hourly employee.

## F.     JURY DEMAND

24.     Plaintiff hereby requests a trial by jury.

## PRAYER

For these reasons, Plaintiff George Ressler respectfully requests that Defendant be cited to appear and answer herein and that, following final hearing, he be awarded all of his unpaid overtime, improper wage deductions, unpaid Social Security and Medicare contributions, liquidated damages, and all of the elements of damages provided by law, in addition to costs, attorney's fees, post-judgment interest, and such other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

*/s/Robert J. Filteau*
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
1110 NASA Parkway
Suite 470
Houston, Texas 77058
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
GEORGE RESSLER

OF COUNSEL:

John A. Sullivan III

State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas 77058
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

And

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
1110 NASA Parkway, Suite 470
Houston, Texas 77058
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)