IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE RESSLER | § | |
| Plaintiff, | § § § | |
| v. | § | NO. 4:21-CV-03486 |
| ABC Imaging of Washington, Inc. | § § | JURY DEMANDED |
| Defendant. | § § § | |

## PLAINTIFF'S MEMORANDUM OF LAW

An unpaid overtime claim under the FLSA requires that: (1) an employer-employee relationship existed during claimed unpaid overtime periods; (2) the employee was involved in activities within FLSA coverage; (3) the employer violated the overtime wage requirement; and (4) the amount of overtime compensation owed. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). To be covered by the FLSA, an employee must first show that he or she was (1) engaged in commerce or in the production of goods for commerce (individual coverage) or was (2) employed in an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage). Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992)(citing 29 U.S.C. §207(a)(1)). Plaintiff may invoke FLSA protection by either individual or enterprise coverage. *Id.*

### 1. Employer-Employee Relationship

The Plaintiff's Declaration and attached earnings statements establish his employment relationship with the Defendant, ABC Imaging of Washington, Inc. ("ABC").

### 2. FLSA Coverage

1

**EXHIBIT D**

### a. Individual Coverage

"To determine whether an employee is "'engaged in commerce'" for purposes of establishing individual coverage, the Fifth Circuit asks "'whether the work [of the employee] is so directly and vitally related to the functioning or any instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity.'" *Barr v. Custom Design & Installation, Inc.*, 3:13-cv-04925-M at *3 (N.D. Tex. Mar. 19, 2015) (quoting from *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010)). "Work that is purely local in nature does not meet the FLSA's requirements, but "'[a]ny regular contact with commerce, no matter how small, will result in coverage.'" *Id.*

"The Fifth Circuit has held that employees of a business with stores in several states engage in commerce when their work is an essential and integral part of the employer's interstate business." *Barr* at *4 (citing *Wirtz v. Wohl Shoe Company*, 382 F.2d 848, 850 (5th Cir. 1967)). As reflected in Ressler's Declaration, ¶¶ 4-6, he used interstate products to further the employer's intrastate and interstate business. Shipping products outside Texas and driving trucks to deliver, set up and connect equipment for customers in Louisiana cannot be said to be purely local in nature. *See Sobrinio v. Medical Center Visitor's Lodge, Inc.*, 474 F.3d 828 (5th Cir. 2007). There is no *de minimis* requirement. *Id.* Any regular contact with commerce, no matter how small, will result in coverage. *Id.*, citing *Marshall v. Victoria Transp. Co., Inc.*, 603 F.2d 1122 (5th Cir. 1979). Although ABC's business spanned across the United States, it did not have stores in every state. To service the business in those states where it did not have physical stores, ABC relied upon stores like the Houston store, to fulfill those orders. Ressler's Declaration establishes individual coverage under the FLSA.

### b. Enterprise Coverage

**EXHIBIT D**

The FLSA defines an "enterprise" as any group of related activities performed through a unified operation or other common control for a common business purpose, that has a total annual gross volume of business of $500,000 or more, and that has two or more employees (i) engaged in commerce or the production of goods for commerce, or (ii) engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person. *See* 29 U.S.C. §§203(b), (r); 29 C.F.R. §§776, 779.21, 779.200. Indeed, the activities of ABC stores are related because they are necessary to the operation and maintenance of the particular business. 29 C.F.R. §779.206. *See Reich v. Bay, Inc.*, 23 F.3d 110, 114 (5th Cir. 1994). "Common control" is present when "the performance of the described activities are controlled by one person or by a number of persons, corporations, or other organizational units acting together." *Id.* at 114-15. A "common business purpose" is defined as "directed toward the same business objective or to similar objectives in which the group as an interest." 29 C.F.R. §779.213.

ABC is also engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person because it regularly has at least two or more employees engaged in such activities. 29 C.F.R. §779.238. The handling clause establishes enterprise coverage for an employer "if it has employees (not necessarily the plaintiffs) 'handling, selling, or otherwise working on *goods or materials* that have been moved in or produced for commerce by any person.'" *Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1023-24 (S.D. Tex. 2014) (emphasis in original) (citing *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010)). As reflected in Ressler's Declaration at ¶¶ 2, 4 and 5, ABC had such "two or more" employees in the Houston store and, of course, many more employees nationwide in its related stores handling goods or materials that were moved in interstate commerce.

The final portion of the analysis to determine whether enterprise coverage exists is the total

**EXHIBIT D**

annual gross volume of sales made or business done, which must not be less than $500,000. *Landeros* at 1023. Ressler's Declaration (at ¶ 7) confirms that ABC meets the $500,000 threshold based on the gross volume of business in Houston alone. When the business of the other stores is included, as it should be when looking at a group of related activities performed through a unified operation or other common control for a common business purpose, the annual gross volume of sales exceeds several million dollars.

### 3. Nonpayment of Overtime Wages

As shown by Ressler's Declaration (at ¶ 8) and the attached earnings statements, he was not paid overtime beginning in 2014 or 2015 after ABC changed his classification from hourly to exempt. During the time period beginning three years before the filing of his complaint and continuing until February 2020, he averaged 50 hours of work per week but was compensated for forty. Plaintiff is entitled to expand the normal FLSA limitations period from 2 to 3 years because he alleges that ABC willfully violated the FLSA. Dkt. 1 ¶14. *Henderson v. Fenwick Protective Inc.,* No. 3:14-cv-505-M-BN N.D. Tex. Nov. 23, 2015) (*citing* 29 U.S.C. §255(a)). Plaintiff's Declaration is sufficient proof of his damages because ABC defaulted, making it impossible for Plaintiff to obtain his time sheets and earnings statements. *Id.* at *10. Plaintiff's damages for unpaid overtime total $12,778.69.[1]

### 4. Liquidated Damages

Plaintiff requested liquidated damages in his complaint. Dkt. 1 ¶19. "Under the FLSA, a district court may not exercise its discretionary authority to reduce or to eliminate a liquidated damages award unless the employer first sustains its burden of showing that its failure to obey the statute

---

[1] The Fluctuating Workweek Method of calculating overtime is not applicable to misclassification cases such as the instant case. *See Black v. SettlePou, P.C.,* 732 F.3d 492 (5th Cir. 2013*); In re Texas EZPawn Fair Labor Standards Act Litigation,* 1:07-cv-00553-AWA; 2008 U.S. Dist. LEXIS 53636 (W.D. Tex. June 18, 2008); *Brown v. Nipper Auto Parts and Supplies,* 2009 U.S. Dist. LEXIS 43213 (W.D. Va. May 21, 2009).

4

**EXHIBIT D**

was in good faith." *Henderson* at *12, *quoting from Nero v. Industrial Molding Corp.,* 167 F.3d 921, 928 (5th Cir. 1999). Since ABC has not sustained its burden, Plaintiff is entitled to liquidated damages totaling $12,778.69.

### 5. Improper Deductions From Salary

As reflected in Ressler's Declaration, he was classified as exempt in April, 2020 when ABC cut his pay in half. Employers are not permitted to cut an employee's salary when work is not available or in response to the operating requirements of the business. "…An employee is not paid on a salary basis if deductions from the employer's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. If the employee is ready, willing and able to work, deductions may not be made for time when work is not available." Consequently, Plaintiff seeks reimbursement of the improper deductions from his salary in the amount of $5,557.00. Dkt. 1 ¶ 23 and Declaration, Exhibit "A," at ¶ 12.

### 6. Attorney's Fees and Costs

A prevailing Plaintiff under the FLSA is entitled to an award of reasonable attorney's fees and costs. 29 U.S.C. §216(b). Plaintiff requested his attorney fees and costs in the complaint. Dkt. 1 ¶ 20. "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers." *Louisiana Power Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir. 1995) (*citing Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). "Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *Id.* (citations omitted). The product is the lodestar, which the court either accepts or adjusts upward or downward, depending on the circumstances of the case. *Id.* (citation omitted).

A Plaintiff seeking attorney's fees is charged with the burden of showing the reasonableness of

**EXHIBIT D**

the hours billed and the exercise of billing judgment. *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002). After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

1. The time and labor required to represent the client or clients;
2. The novelty and difficulty of the issues in the case;
3. The skill required to perform the legal services properly;
4. The preclusion of other employment by the attorney;
5. The customary fee charged for those services in the relevant community;
6. Whether the fee is fixed or contingent;
7. The time limitations imposed by the client or circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation, and ability of the attorney;
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client; and
12. Awards in similar cases.

In support of the attorney fees requested in this case, Robert J. Filteau has attached his Declaration and contemporaneous billing records so that the court can examine the tasks completed and the amount of time expended for each task. Mr. Filteau exercised billing judgment to exclude time he considered duplicative or excessive.

Mr. Filteau's Declaration also includes a list of the costs sought to be reimbursed to the Plaintiff. Mr. Filteau requests that the court award reasonable attorney fees in the amount of $9,553.50 and costs in the amount of $477.00.

## PRAYER

Plaintiff, George Ressler, requests the entry of a Final Judgment in his favor and against Defendant, ABC Imaging of Washington, Inc., in the total amount of $41,144.88.

**EXHIBIT D**

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

*/s/Robert J. Filteau*
Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
1110 NASA Parkway
Suite 470
Houston, Texas 77058
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
GEORGE RESSLER

OF COUNSEL:

John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No. 1398
jsullivan@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas 77058
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

And

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
1110 NASA Parkway, Suite 470
Houston, Texas 77058
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

**EXHIBIT D**