United States District Court
Southern District of Texas
**ENTERED**
September 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE RESSLER, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21-CV-03486 |
| ABC IMAGING OF WASHINGTON, INC., | § § § § | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiff's Original Complaint (Doc. #1) and Plaintiff's Motion for Default Judgment (Doc. #7). Defendant has not filed a response. The Court also held an initial scheduling conference on January 28, 2022 from which Defendant was absent. Having reviewed the parties' arguments and applicable law, the Court grants Plaintiff's Motion.

George Ressler ("Ressler" or "Plaintiff") started working for ABC Imaging of Washington, Inc. ("ABC" or "Defendant") in 2007 as a "finisher"—an hourly employee responsible for tasks such as laminating, bookbinding, and printing. Doc. #1 ¶ 5. In 2014 or 2015, ABC started paying Plaintiff a salary, changing his classification to exempt, even though he was still performing the same job duties with the added responsibilities of moving and installing equipment. *Id.* ¶ 6. Plaintiff was paid a salary, without overtime, until approximately March 2020. *Id.* ¶ 9. ABC cut Plaintiff's salary in half in April 2020 and paid him that way until November 2020, when it changed his classification back to hourly. *Id.* Plaintiff still works for Defendant. Doc. #7 ¶ 5.

Plaintiff filed his Original Complaint on October 22, 2021, seeking damages under the Fair Labor Standards Act of 1938 ("FLSA") for Defendant's failure to pay him mandatory overtime

wages. Doc. #1. The summons and Original Complaint were properly served on Defendant on December 2, 2021. Doc. #6. Defendant has failed to plead or otherwise defend themselves against the allegations in the Original Complaint. Plaintiff now moves for a default judgment against Defendant under Federal Rule of Civil Procedure 55(b)(2).

Courts may enter default judgment where an opposing party fails to plead or otherwise defend as required by law and the defendant's default has been entered by the clerk of court. FED. R. CIV. P. 55(b)(2); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). Thus, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true. Put another way, the defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (cleaned up). Additionally, damages are not assumed to be true and must be proven through documentary evidence, affidavits, or, if necessary, testimony at a damages hearing. *Fitzgerald v. Harris Cty. Sheriffs Off.*, No. CV H-15-1330, 2018 WL 2046969, at *3 (S.D. Tex. May 1, 2018).

Plaintiff moves for default judgment, arguing that he is entitled to overtime payments under the FLSA and Defendant has not defended the suit. Doc. #7 ¶ 7, 10. An unpaid overtime claim under the FLSA requires that: (1) an employer-employee relationship existed during claimed unpaid overtime periods; (2) the employee was involved in activities within FLSA coverage; (3)

the employer violated the overtime wage requirement; and (4) the amount of overtime compensation owed. *Johnson v. Heckmann Water Res. (CVR), Inc.,* 758 F.3d 627, 630 (5th Cir. 2014). To be covered by the FLSA, an employee must first show that he or she was (1) engaged in commerce or in the production of goods for commerce (individual coverage) or was (2) employed in an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. §207(a)(l)).

"To determine whether an employee is 'engaged in commerce' for purposes of establishing individual coverage, the Fifth Circuit asks 'whether the work [of the employee] is so directly and vitally related to the functioning or any instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity.'" *Barr v. Custom Design & Installation, Inc.,* 3:13-cv-04925-M at *3 (N.D. Tex. Mar. 19, 2015) (quoting from *Williams v. Henagan,* 595 F.3d 610, 621 (5th Cir. 2010)). "Work that is purely local in nature does not meet the FLSA's requirements, but '[a]ny regular contact with commerce, no matter how small, will result in coverage.'" *Id.* "The Fifth Circuit has held that employees of a business with stores in several states engage in commerce when their work is an essential and integral part of the employer's interstate business." *Barr* at *4 (citing *Wirtz v. Wohl Shoe Company,* 382 F.2d 848, 850 (5th Cir. 1967)).

In this case, Plaintiff's duties included loading a truck with equipment, driving it to Louisiana, and unloading the equipment there. Doc. #7, Ex. 1 ¶ 5. Shipping products outside of Texas and driving trucks to deliver, set up, and connect equipment for customers in Louisiana cannot be said to be purely local in nature. *See Sobrinio v. Medical Center Visitor's Lodge, Inc.,* 474 F.3d 828 (5th Cir. 2007). Plaintiff's duties were also an integral part of Defendant's business.

3

Therefore, the Court concludes that Plaintiff furthered the employer's intrastate and interstate business, establishing coverage under the FLSA. *See Martin*, 955 F.2d at 1032.

Plaintiff testified to his employee relationship with Defendant and submitted numerous earnings statements. Doc. #7, Ex. 1 ¶ 2 and Ex. 3–6. In light of Defendant's alleged failure to make, keep, and preserve records in accordance with 29 U.S.C. §§201, 211(c), and 215(a), Plaintiff submitted the hours he worked during the time for which he is seeking overtime pay. Doc. #7, Ex. 1 ¶ 10, 11. The amount of hours Plaintiff alleges he worked per pay period are consistent with the hours shown on his earnings statement before his salary was cut in half. Doc. #7, Ex. 3. Plaintiff also submitted earnings statements corroborating his reduction in salary and requests Defendant pay him the unpaid salary. Doc. #7, Ex. 1 ¶ 12 and Ex. 4, 5. These exhibits indicate Defendant owes Plaintiff $12,778.69 in missed overtime payments and $5,557.00 in reduced pay. Plaintiff also submitted a declaration from his attorney stating that Plaintiff's legal fees are $9,553.50 and costs are $477.00. Doc. #7, Ex. 11 ¶¶ 4–7.

Plaintiff requests the Court enter a default judgment against Defendant in the amount of $31,114.38 plus attorney's fees and costs for a total of $41,144.88. Doc. #7 ¶ 12. However, the amount due according to the evidence submitted is $28,366.19 (missed overtime and reduced pay equaling $18,335.69 plus attorney's fees and costs equaling $10,030.50). Therefore, Plaintiff's Motion for Default Judgment against Defendant is GRANTED and damages in the amount of $28,366.19 are awarded.

It is so ORDERED.

SEP 2 7 2022
Date

The Honorable Alfred H. Bennett
United States District Judge

4